■ In the Matter of MARYVALE EDUCATORS ASSOCIATION, Petitioner, v

HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board, et al., Respondents, and MARYVALE TEACHERS ASSOCIATION, Intervenor-Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board, which dismissed the petitioner's improper practice charge against the Cheektowaga-Maryvale Union Free School District. The Maryvale Teachers Association (MTA) is a majority union which has negotiated an unbroken series of collective bargaining agreements with the Cheektowaga-Maryvale Union Free School District (district) beginning May 1, 1967. The current agreement, which became effective July 1, 1977 and expires June 30, 1979, contains a provision whereby MTA may use the faculty mailboxes upon approval of the superintendent of schools. Petitioner, a minority union not in a contractual relationship with the district, requested permission to use the faculty mailboxes for the distribution of organizational materials on September 29, 1977. Following the denial of this request, petitioner filed an improper practice charge with the Public Employment Relations Board (PERB) alleging the district's violation of paragraphs (a), (b) and (c) of subdivision 1 of section 209-a of the Civil Service Law. The hearing officer, holding that the case of *Matter of Sachem Cent. School Dist. Bd. of Educ.* (11 PERB 3046) was dispositive, found a violation of paragraph (a) of subdivision 1 of section 209-a and ordered the district to extend to petitioner the same right of access to faculty mailboxes as it extended to MTA. The district appealed this decision to PERB which granted MTA's motion to intervene at this stage. PERB overruled its prior decision in *Sachem,* reversed the decision of the hearing officer and dismissed petitioner's improper practice charge. Petitioner then commenced this CPLR article 78 proceeding which was transferred to this court by Special Term. Petitioner argues that PERB's decision to overrule the *Sachem* case and deny it equal access to faculty mailboxes violated the doctrine of *stare decisis,* was arbitrary and capricious, and not supported by substantial evidence. We disagree. Subdivision 2 of section 208 of the Civil Service Law provides that a certified bargaining representative is entitled to unchallenged representation status until seven months prior to the expiration of its written contract with the employer. PERB's own rules provide for a 30-day challenge period immediately prior to the statutory seven-month period when a challenge petition may be filed (4 NYCRR 201.3 [d]) and require the signatures on any showing of interest filed by a challenging organization to be signed and dated within six months of the filing of the petition (4 NYCRR 201.4 [b]). Implicit in these rules is the fact that challenging organizations must begin their organizational efforts prior to the end of the statutory period of unchallenged representation. PERB has recognized this and held that an outside union does have the right to equal access privileges with the incumbent union during a period of time which is reasonably proximate to that in which the incumbent union's representative status can be challenged (see, e.g., *Matter of Great Neck Union Free School Dist.,* 11 PERB 3129). In this case, petitioner's request for use of the faculty mailboxes was made more than 14 months prior to the statutory challenge period and PERB's finding that this request was too remote is reasonable. In *Sachem,* PERB had held that where the bargaining agreement does not clearly grant the incumbent union exclusive rights of access and other nonlabor groups are granted such rights, the employer must grant equal access rights to a competing union. The situation in *Sachem* was identical to that found in the instant case: the incumbent union had negotiated a nonexclusive access

clause and such access had been extended to other nonlabor groups. However, in its decision in this case, PERB explained that its analysis of the equal access problem in *Sachem* was incorrect and gave compelling reasons for its new position. PERB noted that the *Sachem* rule discouraged incumbent unions from negotiating nonexclusive access clauses for themselves since such a privilege would also have to be given to competing unions. Therefore, PERB's decision to overrule its prior holding in *Sachem* some six months after it was decided did not violate the doctrine of *stare decisis* (see *Baden v Staples*, 45 NY2d 889, 892; *People v Hobson*, 39 NY2d 479, 488). While petitioner correctly points out that reliance upon prior decisions in planning conduct is one of the principles underlying the doctrine of *stare decisis*, it cannot advance any claim of prejudice due to PERB's sudden change of policy since the *Sachem* case was decided after the request to use the faculty mailboxes was made on September 29, 1977. Petitioner also claims that the denial of equal access to faculty mailboxes by the district violated its constitutional rights under the equal protection clause. There is no evidence that the district sought to restrict the content or subject matter of petitioner's organizational information. It appears that the reason why petitioner was denied equal access to faculty mailboxes was MTA's status as exclusive bargaining representative. Petitioner has even stipulated that the denial was not motivated by any union animus. Accordingly, the district did not violate petitioner's constitutional rights by giving preferred status to MTA since that activity was rationally related to the valid State objective of ensuring labor stability *(Memphis Amer. Federation of Teachers, Local 2032 v Board of Educ.,* 534 F2d 699; *Matter of Bauch v City of New York,* 21 NY2d 599, cert den 393 US 834). Petitioner's other arguments have been examined and found to be without merit. PERB's determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.